Richard S. Heller, J.
This claim for the wrongful death of Stanley Harford follows an accident which occurred September 10, 1955, at about 1:30 p.m., when the said Stanley Harford was driving his Plymouth car on State Highway Route No. 34. The claim was duly filed and has not been assigned.
Route No. 34 runs generally north and south. On the day of the accident the car driven by Stanley Harford was proceeding southerly toward Waverly, New York. As the car rounded a curve, after ascending a grade crossing and passing over a viaduct, it left the right side of the highway at a point where the road started to straighten out, went onto the shoulder and continued on the shoulder for more than 450 feet before it cut diagonally across the highway and struck a tree on the east side of the highway.
The claim is based upon the negligence of the State in allowing stone and gravel to accumulate upon the highway causing a slippery and dangerous condition which caused the car driven by the deceased to skid from the highway onto a defective shoulder, become uncontrollable and to skid further until a collision with a tree occurred.
Testimony from witnesses for the claimant established that an amount of gravel and small stone fell on the highway where maintenance trucks came onto the highway from a supply depot located on the easterly side of the highway just southerly of the viaduct and approximately opposite the point where the car first left the highway. Some describe the fall out as heavy, some light, and the State’s witnesses failed to see any stone or gravel.
Further testimony was given that the shoulder on the right of the southbound lane was two to four inches below the paved portion of the highway. Testimony was also given that on the day of the accident the shoulder was level with the highway.
Claimant’s witnesses have estimated the speed of the death car at 35 miles per hour, yet the impact of the collision drove the motor through the front seat on the left side which would indicate a greater speed. Expert testimony offered the opinion that a car rounding a curve would slide and skid if a given amount of stone (Exhibit No. 10) was on the highway.
While most testimony conflicts, the court finds the following as undisputed facts: (1) That the curve was safe for travel at 50 miles per hour under normal conditions; (2) that the day was clear and bright and if any amount of stone and gravel was on the highway it could have been observed by anyone driving the highway; (3) that the distance from the point where the car first left the highway to the tree where the accident happened *9 was more than 500 feet; (4) that at no time was the car driven by Stanley Harford under control after it left the pavement;
(5) that a car driven at 35 miles per hour if properly braked would stop in 80 feet; that a car driven at 40 miles per hour if properly braked would stop in 144 feet; that a car driven at 50 miles per hour if properly braked would stop in 225 feet;
(6) that Route No. 34 was a well-travelled highway and that no reported accidents have occurred at or near the site of the present accident from 1952 to September 10, 1955.
The burden of proving negligence against the State is on the claimant. The burden of proving contributory negligence in this case is on the State. (Decedent Estate Law, § 131.)
The court is not convinced that there was sufficient stone and gravel on the road on September 10, 1955 to charge the State with negligence in the maintenance of the highway. It must follow that the condition of the shoulder cannot be considered a proximate cause of the accident since no other independent proof was offered to explain why the car was on the shoulder. (Tomasetti v. State of New York, 203 Misc. 297, affd. 283 App. Div. 837, appeal dismissed 307 N. Y. 702.)
More convincing is the proof that the deceased was guilty of negligence which caused the accident when we consider the entire series of events from the time the car left the highway after rounding a curve, its uncontrolled forward drive more than 500 feet to the site of the collision, and the terrific impact that resulted in the unfortunate death of the driver. The State has sustained the burden in proving contributory negligence.
The motion made by the Attorney-Qeneral at the close of the case on which decision was reserved is granted and the claim is dismissed.
The foregoing is the written and signed decision of the court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Let judgment be entered accordingly.