## (July 19, 1962)

■ VIOLA HARFORD, as Administratrix of the Estate of STANLEY HARFORD, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 34272.)— This is an appeal from a judgment of the Court of Claims which dismissed the claim, following a trial, on a finding of freedom from negligence against the State and contributory negligence on the part of the decedent. The accident happened on September 10, 1955, at about 1:30 P.M., on a sunny, dry day. The automobile operated by the decedent was proceeding along a macadam road until it reached a bridge where the road bed became concrete. After crossing the bridge, the road curved to the left but was level. There was an unobstructed view in the direction in which the automobile of the decedent was traveling at approximately 35 miles per hour. While making the curve, after leaving the bridge, the automobile of the decedent left the concrete road and went onto the shoulder where it continued for some distance and then returned to the road at a point where it was macadamized and continued thereon for a distance of approximately 500 feet, crossed the road and crashed into a tree. The claimant charged the State with negligence due primarily to the accumulation of " a large quantity of crushed stones, gravel, sand and other foreign matter of a slippery and dangerous nature ". There was testimony at the trial concerning stone being

scattered on the highway in the general location where the car began to slide or skid onto the shoulder but it was indefinite and general and not sufficient, in our opinion, to establish negligence against the State. It requires more than testimony of "littering" or a light covering of stone on the highway to establish a causation on which to predicate actionable negligence. It is not unusual to find small amounts of stone on a public road which have accumulated from many sources but such does not ripen into negligence under the circumstances, such as here, where there was no definite showing that the stone was of sufficient size or accumulation to interfere with proper driving on the highway and such cannot be inferred from this record. The Court of Claims found that there was not sufficient stone or gravel on the road to charge the State with neglect in the maintenance of the highway and which finding we affirm. We further determine that there was no showing of negligence as to the maintenance of the shoulder, or under the circumstances herein the necessity for the use of the shoulder by the decedent. We further determine that there was no defective or dangerous condition existing on the highway in the locale where the accident happened which required any sign or other warning other than those which existed at the time of the happening of the accident. Giving the claimant the most favorable view of the evidence, there just is not any factual basis for a finding of negligence against the State for this unfortunate accident. The Court of Claims determined that the decedent was guilty of contributory negligence based upon a finding that from the time the car left the highway, it travelled uncontrolled more than 500 feet to the site of the collision and the "terrific impact" that resulted in the death of the driver. We find it unnecessary to decide the question of contributory negligence. Judgment unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ. [19 Misc 2d 7.]