John H. Cooke, J.
Paul Pendasulo was a spinner at Skenandoa Rayon Mills in Utica, New York and finished work at 4:00 p.m. on the 23rd day of September, 1958. Preparations had been made, with five co-workers, for a fishing trip to Lake Ontario the following day.
At about 2:30 a.m. on the 24th day of September, 1958, claimant arose and at or about 3:00 a.m. met with his fellow workers. Two men rode in each of three vehicles, claimant and Antoni Humiecki drove in Humiecki’s automobile.
Paul Pendasulo drove the Humiecki vehicle to Pulaski, New York, where several of the fellows stopped for coffee. Humiecki thereafter drove toward the final destination.
Leaving Pulaski, Route 3, a two-lane road, each lane 10 feet, going north toward Watertown, runs along the easterly shore of Lake Ontario. Having passed a small bridge, traveling approximately 50 miles per hour, and south of Bubel’s Restaurant, in Mannsville, New York, Humiecki’s automobile left the highway, causing the death of Humiecki and serious injuries to the claimant, for which the claimant seeks to recover from the State of *593 ¡New York. Prior settlement was made with Antoni Humiecki’s estate, reserving to the claimant the right to seek recovery from other persons. This claim was permitted to be filed late, pursuant to order of this court granted and entered on the 17th day of March, 1959. Letters acknowledged receipt and filing of the claim in the office of the Clerk on the 6th day of April, 1959. The claim has not been assigned.
Claimant states it was dark, and Mr. Humiecki started to pass a truck going north, the same direction which Mr. Humiecki was headed, and there was a car coming the opposite direction without headlights. Mr. Pendasulo stated that he told Mr. Humiecki that he could not make it. He (Mr. Humiecki) started to slow down to get behind the truck and as he did that, the left wheel hit a bump and — well, he (Mr. Humiecki) sort of lost control. The car went to the shoulder of the road and then when Humiecki got straightened on the road again, the claimant remembered nothing further.
State Trooper Harry Feigel stated that he received a call at 6:25 a.m., reporting an accident on Route 3, and travelled 75-to-80 miles per hour to the scene, traveling over virtually the same area as the Humiecki vehicle had done shortly before. Having arrived at the scene, he observed a heavily damaged car in a field east of the highway and two bodies in the vicinity of the car. Humiecki’s body was 72 feet and 9 inches northeasterly from the car, having flown through the air 50 feet, hitting the sand, and then again went through the air 22 feet 9 inches to become imbedded in the sand. Pendasulo’s body was found 15 feet to the north and east of the car, also imbedded in the sand.
Trooper Feigel further testified that the tire tracks of Humiecki’s automobile headed north, left the pavement on the east shoulder, came back on the highway, crossed diagonally more or less to the west side of the highway, crossed the driveway which goes in Bubel’s Restaurant, over a small mound of dirt parallel to the road for just a short distance and then diagonally across the road again in a northeasterly direction to the pile of fence posts and on the other side of the pile of fence posts 289 feet 5 inches, being measured as the over-all distance of travel; and testifying further Trooper Feigel stated he saw nothing abnormal, no holes, cracks or stones or anything on the highway that would in any way constitute a hazard. He testified that he had walked on the shoulder of the road and found the shoulder to be hard and that there was no difference in elevation between the edge of the highway pavement and the shoulder.
*594 Henry Bubel, owner of the restaurant bearing his name, had been in business at the location seven years and testified he owned both sides of Route 3 in the vicinity of the accident scene. Mr. Bubel further testified that he had travelled Route 3 in the same direction as Humiecki took, each and every day in his daily travel to the bank and observed no apparent defect in the road or the shoulders of the said road.
Floyd Burton, operator of an Esso Service Station and Wrecker Service, stated that he had travelled Route 3 in the vicinity of Bubel’s Restaurant at least twice a week since 1955. On several occasions he had serviced automobiles on the side of the road and had observed nothing unusual about the roadbed and the shoulders in the vicinity of the accident scene.
Robert Pless, a member of the fishing party, stated that he drove over the same route as Humiecki, travelled 50-55 miles per hour, passed the scene of the accident and experienced no difficulty "with the highway.
Ivan Dybacs, driver of the third automobile in the fishing party, stated that he and his passenger stopped at Pulaski, did not have coffee, but proceeded toward Lakeview. He stated that a week or two prior to the accident he had travelled the same Route 3 with Mr. Humiecki on another fishing trip and that Humiecki and claimant Paul Pendasulo had also on another occasion travelled the same Route 3 on a different fishing trip and that he was unaware of any defects on the highway.
Richard Comins, also a State trooper, who assisted Trooper Feigel in taking measurements, stated the condition of the road to be not unsafe for travel and that he had experienced no irregularities on the highway or the shoulder on the numerous occasions he had traversed that section of Route 3.
The burden of proving negligence against the State is on the claimant (Harford v. State of New York, 19 Misc 2d 7; Tomasetii v. State of New York, 203 Misc. 297, affd. 283 App. Div. 837). He has not sustained this burden. He has failed to establish that a bump or any other defect existed on Route No. 3 in the area of the accident. The preponderance of the credible evidence supports a finding that the highway in question was maintained in a safe condition for travelers at the time and place of the accident.
We find that the claimant has failed to prove that any negligence on the part of the State of New York was a proximate cause of the accident and the claimant’s resulting injuries.
We further find that the proximate cause of the accident was the negligent operation of the vehicle by the driver, Antoni Humiecki.
*595 Upon all the evidence the claim herein must he and hereby is dismissed.
The findings of fact and conclusions of law filed by the parties hereto have been marked and signed and they constitute a part of the decision.